FORT v. ASSMANN.

1. JUDICIAL SALES—CLERK OF COURT.—Section 691 of General Statutes provides that "all judicial sales shall be made by the sheriff unless otherwise provided by law." Section 307 of the Code of Procedure provides that "all sales of real estate    *    *    *    under the order of the court, where the title is to be made by the clerk of the Circuit Court, shall be made by the clerk. All other judicial sales shall be made by the sheriffs, as now provided by law," except that in those counties where the office of master exists, all such sales in equity shall be made by the master. *Held*, that the Circuit Court could, by its decree, direct the clerk of that court, in a county where there was no office of master, to make a sale of land, if such decree also further directed this clerk to make the title deed to the purchaser.

2. IBID.—IBID.—DEVASTAVIT—SURETIES.—And for moneys received by such

clerk on such sale, and misappropriated by him, he and the sureties on his official bond are liable to the party in interest.

Before IZLAR, J., Lexington, February, 1892.

In this case, Ernest Gary, Esq., sat in the place of Mr. Justice Pope, who had been of counsel in the cause. It was an action by Elizabeth E. Fort, as administratrix, against W. J. Assmann, late clerk of the Circuit Court for Lexington County, and the sureties on his official bond, commenced in August, 1891. The opinion states the case.

*Messrs. Meetze & Muller* and *C. M. Efird,* for appellant.

*Messrs. Melton & Melton,* contra.

February 2, 1893. The opinion of the court was delivered by

MR. JUSTICE GARY. This is a suit upon the official bond of the defendant, William J. Assmann, clerk of the court for Lexington County, as principal, and the defendants, Henry A. Meetze, C. M. Efird, John N. Long, E. C. Meetz, M. Q. Hendrix, and T. E. Rawls, as sureties on said bond. The bond is in the form prescribed by statute, in the penal sum of ten thousand dollars, and conditioned that the said William J. Assmann should well and truly perform the duties of the office of clerk of court, as then or thereafter required by law, during the whole period he might continue in said office.

Under a decree of the Court of Common Pleas for Lexington County, bearing date the 20th day of September, A. D. 1889, in a cause in said court, wherein the plaintiff, then Elizabeth E. Boyd, as administratrix as aforesaid, was plaintiff, and Mary L. L. Lee, as executrix of John W. Lee, and others, were defendants, upon a petition filed in said cause by the plaintiff to subject certain lands of John W. Lee to the payment of a certain mortgage held thereon by the plaintiff as such administratrix, the defendant, William J. Assmann, as clerk of the said court, was ordered and directed to sell the lands situate in the County of Lexington. On salesday in December, 1889, the said William J. Assmann, as clerk of said Court of Common

Pleas for Lexington County, in pursuance of said decree, did sell the said lands at and for the sum of two thousand and ninety-seven dollars, all of which was duly paid to said William J. Assmann as clerk, prior to the 27th day of February, 1891.

By a decree of the court, duly entered on the 27th day of February, 1891, the said clerk was ordered and directed, after paying the costs and expenses of the foreclosure proceedings, including expenses of survey, on or before the 15th day of March next thereafter, or so soon thereafter as demand might be made, to pay to the plaintiff so much of said fund as might be necessary to satisfy and pay the balance due upon her mortgage, as set out in the pleadings, and to hold any surplus subject to the further order of the court. Subsequent to this decree another order was entered by consent of the parties, bearing date the 15th day of April, 1891, modifying the decree of 27th February, 1891, so as to direct the said clerk to retain in his hands the sum of six hundred dollars, to abide the result of an appeal taken by one of the attorneys in the cause (relative to a fee), and, after paying the costs and expenses of sale, as directed in the former decree, "to forthwith pay to Mrs. E. E. Fort so much as may be necessary to satisfy and pay the amount remaining due upon the mortgage set out in the pleadings." The amount that the defendant, Assmann, was required, under the order of court, to pay on the mortgage debt was decided by the court below to be thirteen hundred and twenty-six dollars and forty-five cents. It appears from the case that, on the 5th day of May, 1891, demand was made, on behalf of the plaintiff, upon the defendant, William J. Assmann, as clerk, for payment of the amount due and payable to her, under the decree of court, and that the payment was not then nor since made.

Upon the failure to make the payment, as ordered by the court, this action was brought. The Circuit Judge, who tried the case below, decreed in favor of the plaintiff, against the defendant, William J. Assmann, and his bondsmen, for the sum of thirteen hundred and twenty-six dollars and forty-five cents, with interest thereon from the 5th day of May, 1891, together with five per cent. per month on the said amount

from the 10th day of May, 1891, the penalty of five per cent. per month being based on the provisions of section 760 of the General Statutes of this State.

The defendants appeal to this court from the decree of the Circuit Court on two grounds, as follows; "*First.* Because, it is respectfully submitted, that his honor erred therein, in not holding that the defendants are only liable upon the official bond of the clerk for his failure to perform such duties as are imposed upon him by the statutes of this State, and that the selling of lands under foreclosure proceedings, the collection and disbursement of funds arising therefrom, are not duties imposed upon him by the laws of this State. *Second.* Because his honor erred in holding that the said appellants, defendants, are liable, as sureties upon the official bond of William J. Assmann, as clerk, for the claim sued upon in this case."

It should have been stated that, at the time the defendant, Assmann, as clerk of the court, was ordered to make the sale of the property covered by the plaintiff's mortgage, the office of master did not exist in the County of Lexington. The first inquiry, then, is, was the Circuit Court of Lexington County clothed with the authority to order the clerk of court to make the sale? In the case of *Adams* v. *Kleckley*, 1 S. C., 142, under foreclosure proceedings, the clerk of court was ordered to sell the mortgaged premises. An appeal from this order was taken to the Supreme Court, upon the ground "that the sheriff, and not the clerk, is the proper officer to make sales of real estate under decrees in foreclosure." This court sustained the order, directing the clerk to make the sale, in these words: "We are obliged, however, to affirm the judgment of the court below, for it had the right to designate any fit and proper person to make the sale, and, therefore, might appoint the clerk, as well as any other, on cause satisfactory to it."

Independent, however, of this case, there is a provision of the Code which would authorize the court to direct the clerk of court to make the sale and execute the titles to the purchaser. Section 307 provides: "All sales under the order of the court where the title is to be made by the clerk of the Circuit Court

shall be made by the clerk. All other judicial sales shall be made by the sheriff, as now provided by law." In the case of *Childs* v. *Alexander*, 22 S. C., 169, this section of the Code was considered by the court, and one of the issues on appeal was as to the proper officer to make a sale of real estate in Chester County, where the office of master did not exist. The court say: "We suppose it would be competent for a Circuit Judge to order titles to be made by the clerk, in any sale made under a circuit decree, and in such case the clerk should make the sale, under section 307 of the Code; but in the absence of such order as to titles, and of any law defining when the clerk shall make titles, as matter of law it would seem that the sheriff is the proper officer to make the sales in counties where the office of master does not exist. The Circuit Judge did not direct the clerk to make the titles below. The best that we can make, therefore, of the sections of the acts applicable to the question discussed is, that there was no legal error in his ordering the sale to be made by the sheriff." The present case differs from the one just cited in one important particular: here the clerk was directed to "execute deed or deeds to the several lots sold by him to the purchaser or purchasers," while in the case cited there was no such direction.

Our conclusion is, that the Circuit Judge had full and ample authority to impose upon the clerk of court the duty of selling the premises ordered to be sold, and of receiving and paying out the proceeds thereof, under the direction of the court. And he having acted under the order of court, and having received the proceeds arising from such sale, the funds were then legally and properly in court, subject to the control and direction of the court. And the funds having been committed, by order of the court, into the custody and safe keeping of its trusted officer (the clerk), we think, in such cases, the sureties on the official bonds, equally with the principals, are bound for the safety of the funds and the faithful performance of every duty pertaining to such a trust. We see no error in the judgment below.

It is, therefore, ordered and adjudged, that the exceptions be overruled, and that the appeal be dismissed.