7657

## COUNTY OF RICHLAND v. OWENS, SUPERVISOR.

1. OFFICIAL BONDS—SUPERVISOR—BILL OF PARTICULARS.—THE COMPLAINT in this action on the official bond of a county supervisor, alleging breaches of the bond, *held* to be a substantial compliance with the order requiring it to be made definite by serving a bill of particulars, after certain parts had been stricken out for which bills of particulars had not been served.

2. IBID.—SUPERVISOR—COUNTY BOARD OF COMMISSIONERS.—The bond of a ocunty supervisor conditioned to well and truly perform the duties required of him by law, indemnifies against his unlawful acts as a member of the board of county commissioners.

3. IBID.—PLEADINGS.—A COMPLAINT alleging illegal, careless and negligent acts of a county supervisor, accompanied by an itemized statement of county funds unlawfully paid out by him and charging damage and loss to the county therefrom, is not indefinite and uncertain in alleging loss or damage to the county from his official acts.

4. THE OFFICIAL BOND OF A COUNTY SUPERVISOR is liable for loss to the county occasioned by his negligence and carelessness, which he could have prevented by due care, whether such acts were done or permitted to be done by him knowingly or not.

Before PRINCE, J., March, 1907, and MEMMINGER, J., October, 1909, Richland.   Affirmed.

Action by the County of Richland against Samuel H. Owens and American Surety Company of New York. From circuit orders, defendants appeal.

*Mr. Allen J. Green,* for Surety Co., appellant, cites: *Plaintiff must allege specific breaches:* 68 S. C., 204; 31 S. C., 605; 51 S. C., 436. *Public officers are not liable for loss resulting from exercise of their judgment or discretion:* 10 Rich. Eq., 518; 2 N. & McC., 168; 23 Ency., 375; 29 Cyc., 1442-3. *Action of majority of board is act of whole:* 52 S. C., 60; 28 S. C., 521; 81 S. C., 419, 202; 29 Ency., 1443; 23 Ency., 379; 5 L. R. A., N. S., 463. *Fraud must be alleged:* 65 S. C., 184; 58 S. C., 56. *Liability of surety is only equal to that of principal:* 27 Ency., 487; 58 S. C., 487;

71 S. C., 314. *Officer and bondsmen are not liable for misconduct of his clerk:* 1 Dill. Mun. Corp., 324.

*Messrs. G. Duncan Bellinger, W. H. Townsend* and *R. H. Welch,* for Owens, appellant.

*Messrs. Bellinger* and *Townsend* cite: *Sufficiency of assignments of breaches may be raised by motion to strike out or demurrer:* 15 Ency. P. & P., 131; 5 Cyc., 830; 16 Ency. P. & P., 118. *Conditions of bonds only cover acts of Owens as supervisor:* 55 Cal., 304; 17 Ohio, 564; 9 Cal., 291; 85 Ill., 417; 38 Cal., 76; 1 Wym., 330; 30 Cal., 683. *Facts constituting breach must be set out:* 2 McM., 207; 6 Wend., 454; 19 Ala., 628. *Supervisor as member of board is merged in it:* 52 S. C., 60; 75 N. Y., 303; 40 So., 604. *Board acts judicially:* 81 S. C., 430, 543; 55 S. C., 382; 24 S. C., 382; 40 S. C., 281. *Damages must be alleged:* Murf. on Off. Bonds, 351; 5 Cyc., 823, 811; 14 Ency. P. & P., 120. *Facts as to forged or fraudulent claims should be stated:* 58 S. C., 56; 106 Mo. App., 608; 88 Tenn., 490. *Not liable for criminal acts of his agents:* 97 Me., 539.

*Mr. Welch* cites: *Each alleged breach may be demurred to:* 15 Ency. P. & P., 118, 131; 5 Cyc., 830; 90 Ind., 148. *Damages must be alleged:* Murf. on Off. Bonds, 351; 5 Cyc., 823, 811; 51 Ill. App., 353; 37 Ia., 378; 41 Pac., 65; 2 N. H., 126; 14 Ency. P. & P., 120. *Board acts judicially in approving claims:* 24 S. C., 543; 40 S. C., 282.

*Solicitor Cobb* and *Messrs. Thomas & Thomas,* contra: The latter cite: *Not necessary to allege details:* Code of Proc., 163; 65 S. C., 228; 66 S. C., 17; Pom. Code Rem., sec. 517; 15 Ency. P. & P., 136; Murf. on Off. Bonds, sec. 537; 5 Cyc., 826-7; 4 S. & P., 441; 5 Johns. R., 168; 6 Wend., 454. *Bond covered duties of supervisor:* 60 Ala., 328; 57 Miss., 1; 47 N. J. L., 146; 115 U. S., 163; 111 U.

S., 17; 4 Ency., 681; 50 Conn., 580. *Demurrer must be to whole complaint:* 44 S. C., 143; 57 S. C., 506; 64 S. C., 395. *On demurrer complaint liberally construed:* 51 S. C., 436; 60 S. C., 496; 56 S. C., 249. *Breach of condition need only be alleged:* 31 S. C., 605; 33 S. C., 576; 3 Ency. P. & P., 656. *Board can only approve itemized and sworn claim:* 81 S. C., 419.

August 13, 1910.   The opinion of the Court was delivered by

JUDGE T. S. SEASE, *Acting Associate Justice, in place of* MR. JUSTICE HYDRICK, *disqualified.*

This is a suit on the official bond of the defendant, Samuel H. Owens, as county supervisor for Richland county, commenced in 1906.

The defendant, Owens, having been elected supervisor for said county for three successive terms, gave bond as required by law for each term with the defendant, American Surety Company of New York, as surety on each bond, the complaint therefore contains three separate causes of action, one on each bond given. The whole complaint, excepting the itemized statement hereinafter mentioned, is as follows; the parts thereof stricken out by order of his Honor, George E. Prince, are printed in italics.

### COMPLAINT.

"The plaintiff above named, complaining of the defendants herein, alleges:

### *For a First Cause of Action.*

1. "That the plaintiff, the County of Richland, is and was, at the times hereinafted mentioned, a body politic and corporate under the Constitution and laws of the State of South Carolina, and duly authorized by law to bring this action in its said name.

2. "That the defendant, American Surety Company of New York, is now and was, at the times hereinafter men-

tioned, a corporation duly chartered and organized under and by the laws of the State of New York, and doing business in the State of South Carolina, and having full power and authority to make and execute surety bonds for public officers in the State of South Carolina.

3. "That on or about the 8th day of November, 1898, the defendant, Samuel H. Owens, was duly elected to the office of county supervisor for the county of Richland, in the State aforesaid, in which county said defendant resided, and now resides, the term of said office being for two years and until his successor should have been elected and qualified, and on the 9th day of December, 1898, the said Samuel H. Owens, together with his codefendant, American Surety Company, executed and delivered to the State of South Carolina their certain bond in writing and under seal, dated on said day, whereby they became bound in the form and manner prescribed by law to the State of South Carolina in the penal sum of five thousand dollars, which bond recited that the said Samuel H. Owens had been elected to the office of county supervisor for the county aforesaid, and contained the condition that if the said Samuel H. Owens should well and truly perform the duties of said office as then or thereafter required by law, during the whole period he might continue in said office, then the said obligation to be void and of none effect, or else to remain in full force and virtue.

4. "That the said defendant, Samuel H. Owens, having duly qualified and given bond as aforesaid, did, on or about the first day of January, 1899, enter upon the discharge of the duties of the office of county supervisor for the county of Richland, to which he had been elected, and continued in the discharge of the duties of said office until on or about the 31st day of December, 1900, upon which day he was succeeded by himself, having been re-elected to said office.

5. "That the condition of the bond aforesaid has been broken in that the said defendant, Samuel H. Owens, after entering upon the discharge of the duties of the office to

which he had been elected, and between the first day of January, 1899, and the 31st day of December, 1900, failed as county supervisor to well and truly perform the duties of said office as required by law, and according to the true meaning and intent of the bond aforesaid and the condition thereof, in that:

(a) *"Said defendant gave out work upon the public highways, roads and bridges of the county where the amounts exceeded ten dollars without requiring contracts therefor, and without posting notices of the same; and, where the amount exceeded one hundred dollars, without advertising the same, and without requiring the proposals therefor to be accompanied by two or more sufficient sureties, as required by law; that said work so given out was given to incompetent and irresponsible persons, who failed to perform said work in good and substantial manner; that claims therefor were rendered in extravagant amounts, far in excess of the true value of said work, that said claims were unlawfully approved by the said Samuel H. Owens, as county supervisor, and warrants therefor drawn by him upon the county treasurer in violation of the law, and paid out of the funds of Richland county, to the loss and detriment of the said county.*

(b) "Said defendant was negligent and careless and unmindful of his duties in failing to scrutinize and examine claims presented against the county; that he approved claims that were rendered in extravagant amounts, for labor that had never been performed, and for materials that had never been furnished; that he approved claims that were not itemized and were not accompanied by an affidavit made by the person or officer presenting the same; that the items thereof and that the labor, fees, disbursements, services or other matters charged therein have been, in fact, done, made, rendered, or were due, and no part thereof paid or satisfied; and that he signed warrants or checks for the payment of such *non-itemized and unverified claims,* thereby

causing a diversion and loss of the public funds of the county.

(c) *"Said defendant was grossly negligent and careless and utterly unmindful of the interests of the county in matters relating to the supervision, direction and control of work upon the public highways, roads and bridges of the county, in failing to inspect work done by his order and direction, and by order and direction of the county board of commissioners, and in accepting work that was incomplete and defective.*

(d) "Said defendant was grossly negligent, careless and lax in matters relating to the disbursement of public funds for county purposes; that he signed his name as county supervisor to county warrants or checks in blank, leaving them with the clerk of the county board of commissioners to be filed out as occasion might require; that the said warrants or checks so signed in blank were in large numbers, and in considerable amounts subsequently filled in by the said clerk for the payment of fraudulent, illegal and extravagant claims against the county, for the payment of claims made out in excess of the true and proper amounts, for the payment of claims in the names of fictitious persons for labor, services and materials which had never been performed and furnished to the county, for the payment of individual debts and obligations of said clerk, and for many and various other purposes not authorized by law; and he, the said defendant, as county supervisor, was grossly negligent and careless in that, after signing the said warrants or checks and leaving them to be filled in by the clerk aforesaid, he failed to inspect the stubs of the said warrants or checks, and permitted and allowed the said warrants or checks to be paid without objection out of the public funds of the county, thereby permitting a fraudulent and unlawful diversion of the public funds of the county.

(e) *"Said defendant was careless and negligent in signing warrants or checks for the payment of claims purport-*

*ing to have been approved by him and by the members of the county board of commissioners, when, in fact, the signatures evidencing such approval were forged signatures; thus permitting and causing a diversion of the public funds of the county and the payment of claims in large numbers and considerable amounts, which had, in fact, never been audited and approved as required by law.*

(f) "Said defendant violated his duties in the approval of false and fraudulent claims against the county, evidenced by false and fraudulent vouchers, signed with a cross mark in the name of fictitious persons, and in the signing of warrants or checks for payment of such false and fraudulent claims; and was careless and negligent in failing to discover that said vouchers were false and fraudulent.

(g) "Said defendant was negligent and careless and violated his official duty in the approval and payment of claims for transportation of paupers to their alleged homes; that the allowances for this purpose were extravagant and unnecessary, not properly vouched, and the entry thereof negligently omitted from the records of his office; that he was negligent and careless and violated his official duty in the approval and payment of the weekly and monthly pay rolls of the laborers working upon the public works of the county, said pay rolls not being accompanied by proper vouchers, and not approved by the foreman in charge of the work, and containing the names of alleged laborers who had not performed the work or rendered the service claimed; and that he was negligent and careless, and violated his official duty in the approval and payment of claims upon contingent account, the same being not properly itemized, verified or vouched as required by law.

(h) "Said defendant violated his official duty in failing to cause a record to be kept of all the proceedings of the board of which he was chairman, as well as a record of all contracts entered into with said board; by failing and neglecting to keep an accurate record of claims approved and

ordered paid, and by failing to enter or cause the same to be entered upon the proceedings of the board for public inspection, thus preventing the discovery of false and fraudulent claims, to the loss and detriment of the county.

(i) *"Said defendant violated his official duty in failing to publish the full statements required by law of all claims audited by the county board of commissioners, by failing to examine into the nature and amount of the claims contained in these published reports, and by failing to detect the errors, omissions and false entries therein, thereby permitting and allowing said errors, omissions and false entries to remain uncorrected, to the loss and injury of the county.*

(j) *"Said defendant violated his official duty by voting an extra allowance to the clerk of the board of commissioners, the salary of said clerk having been fixed by law, and in the approval and payment out of the county funds of such extra allowance.*

(k) *"Said defendant was careless and negligent in the care of the machinery, tools, mules and other property of the county; that he was guilty of gross extravagance and mismanagement in the purchasing of chain gang supplies, in the contracting of blacksmithing accounts, and in purchasing, swapping and trading in the mules and other property of the county; that he was extravagant, careless and negligent, and violated his official duty in the purchasing of lumber and in buying lumber unsuited for use upon the works of the county, and not necessary or needed therefor; that he made use of property of the county for his own benefit and for the benefit of private individuals without consideration; that he disposed of lumber, old bridge material and other property of the county without rendering or making any account therefor, and permitted and allowed individuals to take and appropriate the same for their own use.*

(l) *"Said defendant violated his official duty in that he, as county supervisor, made and entered into contracts for*

*expenditures for county purposes, and voted for the same in excess of the taxes levied for said purposes.*

(m) *"Said defendant violated his official duty in that he, as county supervisor, diverted or appropriated the funds arising from the taxes levied and collected for one fiscal year to the payment of indebtedness contracted or incurred for a previous fiscal year.*

6. "That by reason of the matters and things aforesaid, the plaintiff has suffered loss and damage to the amount of five thousand dollars, the amount of the penalty of the bond aforesaid, no part of which has been paid; and this action is brought in pursuance of the statute of this State in such case made and provided."

### For a Second Cause of Action.

1. Same as paragraph one of first cause of action.

2. Same as paragraph two of first cause of action.

3. "That on or about the 6th day of November, 1900, the defendant, Samuel H. Owens, was duly elected to the office of county supervisor for the county of Richland, in the State aforesaid, in which county said defendant resided and now resides, the term of said office being for two years, and until his successor should have been elected and qualified, and on the 17th day of December, 1900, the said Samuel H. Owens, together with his codefendant, American Surety Company, executed and delivered to the State of South Carolina their certain bond in writing and under seal, dated on said day, whereby they became bound in the form and manner prescribed by law to the State of South Carolina in the penal sum of five thousand dollars, which said bond recited that the said Samuel H. Owens had been elected to the office of county supervisor for the county aforesaid, and contained the condition that if the said Samuel H. Owens should well and truly perform the duties of said office as then or thereafter required by law during the whole period he might continue in said office, then the said obligation to be void and of none effect, or else to remain in full force and virtue.

4. "That the said defendant, Samuel H. Owens, having duly qualified and given bond as aforesaid, did, on or about the 1st day of January, 1901, enter upon the discharge of the duties of the office of county supervisor for the county of Richland, to which he had been elected, and continued in the discharge of the duties of said office until on or about the 31st day of December, 1902, upon which day he was succeeded by himself, having been re-elected to said office.

5. "That the condition of the bond aforesaid has been broken in that the said defendant, Samuel H. Owens, after entering upon the discharge of the duties of the office to which he had been elected, and between the 1st day of January, 1901, and the 31st day of December, 1902, failed as county supervisor to well and truly perform the duties of said office as required by law, and according to the true meaning and intent of the bond aforesaid, and the condition thereof, in that:

(a) Same as subdivision (a) of paragraph 5 of the first cause of action.   Struck out.

(b) Same as subdivision (b) of paragraph 5 of the first cause of action.

(c) Same as subdivision (c) of paragraph 5 of the first cause of action.   Struck out.

(d) Same as subdivision (d) of paragraph 5 of the first cause of action.

(e) Same as subdivision (e) of paragraph 5 of the first cause of action.   Struck out.

(f) Same as subdivision (f) of paragraph 5 of the first cause of action.

(g) Same as subdivision (g) of paragraph 5 of the first cause of action.

(h) Same as subdivision (h) of paragraph 5 of the first cause of action.

(i) Same as subdivision (i) of paragraph 5 of the first cause of action.   Struck out.

(j) Same as subdivision (j) of paragraph 5 of the first cause of action.

(k) Same as subdivision (k) of paragraph 5 of the first cause of action.    Struck out.

(l) Same as subdivision (l) of paragraph 5 of the first cause of action.    Struck out.

(m) Same as subdivision (m) of paragraph 5 of the first cause of action.    Struck out.

6. Same as paragraph six of the first cause of action, and need not be reprinted here.

### For a Third Cause of Action.

1. Same as first paragraph of first cause of action.

2. Same as paragraph two of first cause of action.

3. "That on or about the 3d day of November, 1902, the defendant, Samuel H. Owens, was duly elected to the office of county supervisor for the county of Richland, in the State aforesaid, the term of said office being for two years, and until his successor should have been elected and qualified, and on the 30th day of December, 1902, the said Samuel H. Owens, together with his codefendant, American Surety Company, executed and delivered to the State of South Carolina their certain bond in writing and under seal, dated on same day, whereby they became bound in the form and manner prescribed by law to the State of South Carolina in the penal sum of five thousand dollars, which bond recited that the said Samuel H. Owens had been elected to the office of county supervisor for the county aforesaid, and contained the condition that if the said Samuel H. Owens should well and truly perform the duties of said office as then or thereafter required by law, during the whole period he might continue in said office, then the said obligation to be void and of none effect, or else to remain in full force and virtue.

4. "That the said defendant, Samuel H. Owens, having duly qualified and given bond as aforesaid, did on or about the 1st day of January, 1903, enter upon the discharge of the duties of the office of county supervisor for the county of

Richland, to which office he had been elected, and continued in the discharge of the duties of said office until on or about the 31st day of December, 1904.

5. "That the condition of the bond aforesaid has been broken in that the said defendant, Samuel H. Owens, after entering upon the discharge of the duties of the office to which he had been elected, and between the 1st day of January, 1903, and the 31st day of December, 1904, failed as county supervisor to well and truly perform the duties of said office as required by law, and according to the true meaning and intent of the bond aforesaid, and the condition thereof, in that:

(a) Same as subdivision (a) of paragraph 5 of the first cause of action.    Struck out.

(b) Same as subdivision (b) of paragraph 5 of the first cause of action.

(c) Same as subdivision (c) of paragraph 5 of the first cause of action.

(d) Same as subdivision (d) of paragraph 5 of the first cause of action.

(e) Same as subdivision (e) of paragraph 5 of the first cause of action.

(f) Same as subdivision (f) of paragraph 5 of the first cause of action.

(g) Same as subdivision (g) of paragraph 5 of the first cause of action.

(h) Same as subdivision (h) of paragraph 5 of the first cause of action.

(i) Same as subdivision (i) of paragraph 5 of the first cause of action.

(j) Same as subdivision (j) of parargraph 5 of the first cause of action.

(k) Same as subdivision (k) of paragraph 5 of the first cause of action.

(l) Same as subdivision (l) of paragraph 5 of the first cause of action.

(m) Same as subdivision (m) of paragraph 5 of the first cause of action.

6. Same as paragraph six of first cause of action, and need not be reprinted here.

"Wherefore, the plaintiff demands judgment against the defendant for the sum of fifteen thousand dollars, and for the costs and disbursements of this action."

The defendants moved before his Honor, D. E. Hydrick, then Circuit Judge, for an order requiring the plaintiff to make the allegations of paragraph 5 in each of the three causes of action of its complaint more definite and certain, on some ten or twelve particulars, which need not be set out here. Upon the hearing of this motion, his Honor, Judge Hydrick, ordered: "That the plaintiff do, on or before the first day of November, 1906, file and serve upon the defendants' attorneys, as a part of the complaint herein, itemized statements showing the various instances of the alleged failure of the defendant, Samuel H. Owens, to well and truly perform the duties of his office of supervisor, as required by law, and according to the true meaning and intent of the bonds set up in the complaint under subdivisions (a) to (m), both inclusive, of each of the three causes of action alleged in the complaint." From this order there was no appeal. Thereafter the plaintiff, in compliance with this order, filed and served itemized statements purporting to show various instances of the failure of the defendant Owens to well and truly perform the duties required of him by law and according to the true meaning and intent of the three bonds. These itemized statements cover one hundred pages in the printed case and need not be set out here, but they are classified as follows:

First Cause of Action—Paragraph 5, subdivision (b). Claims not verified, 1899-1900.

First Cause of Action—Paragraph 5, subdivision (d). Warrants signed in blank, 1900. Warrants signed in blank, 1899-1900.

First Cause of Action—Paragraph 5, subdivision (f). Cross-mark claims.

First Cause of Action—Paragraph 5, subdivision (g). Weekly pay rolls of macadam work on roads, 1900.

First Cause of Action—Paragraph 5, subdivision (l). Claims not in minute book, 1899-1900.

Second Cause of Action—Paragraph 5, subdivision (b). Claims not itemized and verified, 1901-1902.

Second Cause of Action—Paragraph 5, subdivision (d). Warrants signed in blank, 1901-1902.

Second Cause of Action—Paragraph 5, subdivision (f). Cross-mark claims, 1901-1902, "Roads and Bridges."

Second Cause of Action—Paragraph 5, subdivision (g). Transportation of paupers, 1901-1902.

Second Cause of Action—Paragraph 5, subdivision (h). Claims not in minute book, 1901-1902.

Third Cause of Action—Paragraph 5, subdivision (b). Extravagant claims for labor and material not furnished, 1903-1904.

Third Cause of Action—Paragraph 5, subdivision (b) (2). Claims not itemized and verified, 1903-1904.

Third Cause of Action—Paragraph 5, subdivision (c). Work not inspected, 1903-1904.

Third Cause of Action—Paragraph 5, subdivision (d). Warrants signed in blank, 1903-1904.

Third Cause of Action—Paragraph 5, subdivision (e). Forged claims, 1903-1904.

Third Cause of Action—Paragraph 5, subdivision (f). Cross-mark claims, 1903-1904.

Third Cause of Action—Paragraph 5, subdivision (g). Transportation of paupers, 1903-1904.

Third Cause of Action—Paragraph 5, subdivision (h). Claims not in minute book, 1903-1904.

Third Cause of Action—Paragraph 5, subdivision (i). Claims not in published list.

Third Cause of Action—Paragraph 5, subdivision (k). Extravagance and mismanagement in the purchasing of chain gang supplies.

Third Cause of Action—Paragraph 5, subdivision (m). Payment of claims in 1903 and 1904, which were contracted in 1902 and 1903, respectively.

These itemized statements contain lists of hundreds of claims, setting forth the number of the claim, the name of the claimant, the date of the claim, the amount of the claim, the date of payment and number of the warrant, and in the vast majority of instances the nature of the claim all particularly set out, and, according to the order of Judge Hydrick, made a part of the complaint. There was no effort to comply with the order with respect to the subdivisions stricken out by Judge Prince. Upon the serving and filing of the above itemized statements defendants' attorneys excepted to the said statements on the ground that they were not in compliance with Judge Hydrick's order, and moved before his Honor, Judge Geo. E. Prince, at his chambers, to strike all of the said statements out of the complaint on the ground that the same failed to comply with the order of Judge Hydrick, and failing in this, to strike out special matters and things in the fifth paragraph of each of the said causes of action.

Upon the hearing of this motion his Honor, Judge Geo. E. Prince, ordered: "That the following subdivisions of the complaint herein be, and the same are hereby, stricken out, to wit: In the first cause of action, in paragraph 5, subdivisions a, c, e, i, j, k, l, and m; in the second cause of action, in paragraph 5, subdivisions a, c, e, i, k, l, and m; in the third cause of action, paragraph 5, subdivision a;" and in all other respects the motion was overruled. From this order defendant appealed upon the following exceptions:

1. "That his Honor erred in refusing to strike out all of said itemized statement upon the ground that the same fails

to comply with the order of Judge Hydrick, in that the said statements are general and not specific, and fails to apprise the defendants of the dates and particulars wherein the said several items of the several causes of action stated are a breach of the condition of the several bonds as alleged in the several causes of action in the complaint, and action herein, and of the itemized statement thereto, served as is required by law, and by the terms of the said order.

2. "That his Honor erred in refusing to strike out of subdivision 'b' of paragraph 5 of each of the causes of action alleged, the sentence, 'That he approved claims that were rendered in extravagant amounts for labor that had never been performed, and for materials that had never been furnished.' Because under the law the approval of claims is a judicial function vested in the board of commissioners, and the same does not constitute a breach of defendant's bond, and also because no itemized statement has been served covering the same.

3. "That his Honor erred in refusing to strike out all the itemized statements covering 'b' of paragraph 5 of the three causes of action, because the items therein listed do not appear to be unitemized and verified, as alleged in the complaint, and so refusing, he further erred in refusing to order subdivision 'b' of paragraph 5 of the several causes of action alleged made more definite and certain, by specifying severally and particularly the year in which the alleged items were presented and paid, and the particulars wherein the said several items were extravagant, and those in which the labor and services had not been performed, and what labor and what service the same applied to.

4. "That his Honor erred in refusing to strike out of subdivision 'c' of paragraph 5 of the third cause of action the words, 'and in accepting work that was incomplete and defective,' and in refusing to make said itemized statement served for said subdivision 'c' of said third cause of action more definite and certain, by specifying the date and year

in which the alleged claim was made, the date and year of its payment, if paid, together with the number and date of the warrant, which of the several claims are bridges, and what bridges they refer to, which were road, and what roads, and to what part of the roads they refer.

5. "That his Honor erred in refusing to strike out all of the itemized statement covering subdivision 'd' of paragraph 5 of each of the three causes of action alleged in the complaint, because they fail to apprise the defendants of the facts upon which the alleged fraud is based; which, if any, are in the name of fictitious persons for labor and work never performed; which, if any, are for payment of the individual debts of the said clerk; and, so holding he erred in refusing to order said statements made more definite and certain in the particulars above specified; and also error in refusing to strike out of said subdivision of said paragraph in each of the several causes of action the clause, 'and for many and various other purposes not authorized by law,' just following the work 'clerk,' on the thirteenth line, down to the semicolon, on the following line, because no itemized statements had been served concerning the same.

6. "That his Honor erred in refusing to strike out subdivision 'e' of paragraph 5 of the third cause of action, and the itemized statement served purporting to cover the same, and, so holding, he erred in refusing to require said itemized statements to be rendered more definite and certain, by stating particularly what items, among those served, the signature to the approval of which were forged, and in what years the same were forged, and whose signature, if any, were forged.

7. "That his Honor erred in refusing to strike out subdivision 'f' of paragraph 5 of each of the three causes of action, because the statement served failed to show that the said items listed are false and fraudulent, or fictitious; and, so holding, he erred in failing to require the said complaint and statement to be made more definite and certain, by

specifying particularly and severally what claims, if any, are false and fraudulent; what, if any, are fictitious, and setting out the facts showing the fraud and falseness relied on, severally and specifically, and the items to which it refers, together with the year in which the same were severally approved and paid, and the date of payment.

8. "That his Honor erred in refusing to strike out subdivision 'g' of paragraph 5 of the three causes of action, for the reason that under the law the approval of claims is a judicial function vested in the board of commissioners, and that the same does not constitute a breach of defendants' bonds; and, so holding, he further erred in failing to strike out of subdivision 'g' of paragraph 5 of the first cause of action all after the word 'claims,' on the second line of said paragraph, down to the word 'in,' on seventh line thereof, and all after the word 'claimed,' on twelfth line, down to and including the end of said paragraph, so as to make the allegations of said paragraph conform to the statement covering the same; and in refusing to make the said statement more definite and certain, by specifying which of said items were not accompanied by vouchers and not approved by the foreman in charge of the work; who was the foreman; wherein the vouchers improper; what items contained the names of laborers who had not performed the work or rendered the services claimed, and to what roads the said items relate; and his Honor erred in refusing to strike out all of subdivision 'g' of paragraph 5 of second and third causes of action in the complaint, after the word 'officer,' on sixth line of said subdivision of said paragraph, down to and including the end thereof in each of said causes of action, so as to make the same conform to the statement of particulars served, and make said statement of particulars served more definite and certain, by specifying the year in which the said several alleged claims were paid; which of said items, and wherein they were extravagant and unnecessary; which and wherein not properly vouched, and in what

the improper vouching consists; which were omitted from the records of the office, and from what records the same were omitted.

9. "That his Honor erred in failing to strike out subdivision 'h' of paragraph 5 of each of the three causes of action alleged in the complaint, and in failing to strike out of the statement served the itemized statement of each of the items covering said paragraph in each of the three causes af action, because it does not appear from the said statement that the said claims are false or fraudulent, or were not proper debts against the county, or that the county has in any way been injured thereby.

10. "That his Honor erred in failing to strike out subdivision 'i' of paragraph 5 of the third cause of action of the complaint, and the statement of particulars served as covering the same, because it does not appear from the statement that the said debts are false or fraudulent, or were not proper debts against the county, or that the county has in any way been injured thereby; and, so holding, he erred in refusing to require said statements to be made more definite and certain, by specifying which of said items are false entries; which are erroneous, and wherein the error lies; which are omissions, and specifying particularly the year in which said false entries, errors and omissions occurred and were paid.

11. "That his Honor erred in refusing to strike out subdivision 'k' of paragraph 5 of the third cause of action in the said complaint, except so much thereof as alleges 'said defendants were guilty of gross extravagance in the contracting of blacksmithing accounts,' so as to make the allegations of said subdivision in some measure conform to the statement of particulars served; and further erred in not requiring said statement of particulars served to be made more definite and certain, by specifying which items and wherein the same were extravagant, and in what respects

the same were mismanaged, and also the year in which each of said items were contracted and paid.

12. "That his Honor erred in refusing to strike out subdivision 'm' of paragraph 5 of the third cause of action, and the statement of particulars served covering the same, because it does not appear that the said claims are false or fraudulent, or were not proper debts against the county, or that the county has in any way been injured thereby; and, failing in this, he further erred by failing to strike out all items on pages 131 and 132 of the said itemized statement served, except claims numbered '3138,' on page 131, and numbers '1418,' '1428' and '1446,' on page 132, because none of said items appear to have been contracted in a year different from the year of their payment."

The defendants also demurred to the complaint, as it stood after Judge Prince's order, on the ground that the assignments of breaches of the bonds do not state a cause of action, and giving various reasons which need not be set out here. This demurrer was heard and overruled by his Honor, R. W. Memminger, in a short order, from which the defendants appeal on the following exceptions:

I. "His Honor erred in overruling the demurrer to paragraph (b) of the first, second and third causes of action, because the allegations of this paragraph in each of said causes of action alleges negligence on the part of the defendant, Samuel H. Owens, in failing to examine claims and approving some that were extravagant, and in approving others that were not itemized and verified, and paying the same by drawing warrants on the county treasurer; whereas, it was the duty of the county board of commissioners to examine and approve claims, and not the duty of the supervisor; it being the duty of the supervisor. however, to pay all claims examined and approved by the board.

II. "His Honor erred in overruling the demurrer to paragraph (d) of the first, second and third causes of action, because the allegations of this paragraph of each of said

causes of action allege negligence in signing his name to warrants and leaving them with the clerk of the county board of commissioners, and in failing to inspect the warrant stubs, and in allowing the warrants paid without objection; whereas, no breach of duty on the part of the supervisor is here charged.

III. "His Honor erred in overruling the demurrer to paragraph (f) of the first, second and third causes of action, because the allegations of this paragraph of each of the said causes of action allege violation of duty on the part of the supervisor in approving fraudulent claims made out in the name of fictitious persons, and in signing warrants to pay the same; whereas, all claims against the county are required by law to be approved not by the supervisor, as such, but by the county board of commisisoners, of which by law the supervisor is only a member, and he is not liable as supervisor for his actions as a member of the county board of commissioners; this paragraph, therefore, charging no breach of duty of supervisor as such.

IV. "His Honor erred in overruling the demurrer to paragraph (g) of the first, second and third causes of action, because the allegations of this paragraph of each of said causes of action allege the violation of duty in approving extravagant claims for the transportation of paupers, and negligently omitting them from the records of his office; violation of his duty in approving the pay rolls for public works, when the same were not accompanied by vouchers, etc.; and violation of his duty in approving and paying claims upon contingent account, when the same are not verified; whereas, no breach of duty on the part of the supervisor, as such is herein charged, the approval of claims being a matter for the county board, as such, and it being mandatory upon the supervisor to pay all claims approved by the board.

V. "His Honor erred in overruling the demurrer to paragraph (h) of the first, second and third causes of action,

because the allegations of this paragraph of each of said causes of action alleged a violation of duty in failing to cause a record to be kept of all proceedings and contracts; also in failing to keep a record of claims approved, and failing to have them entered upon the record for public inspection; whereas, no violation on the part of the supervisor, as such, is herein alleged.

VI. "His Honor erred in overruling the demurrer to paragraph (c) of the third cause of action, because the allegation of this paragraph alleges negligence on the part of the supervisor in the supervision of the work on the public highways, in failing to inspect the same, and in accepting the same while incomplete and defective; whereas, no damages whatever are alleged as a result of said alleged breach, and if said breach occurred, as alleged, no damages flowed therefrom, it would be a case of *damnum absque injuria.*

VII. "His Honor erred in overruling the demurrer to paragraph (e) of the third cause of action, because the allegation of this paragraph charges negligence in signing warrants in blank for the payment of forged claims, causing thereby a diversion of the public funds; whereas, no breach of duty on the part of the supervisor is charged, inasmuch as it is his duty to pay claims approved by the board by drawing his warrants on the county treasurer, and there is no allegation that he knew that said claims were forged, as alleged, and in the absence of such allegation there is failure to charge any breach of duty on the part of the supervisor as such.

VIII. "His Honor erred in overruling the demurrer to paragraph (i) of the third cause of action, because the allegation of this paragraph charges a violation of duty in failing to publish a full statement of all claims approved and paid; whereas, no damages are alleged as flowing from said alleged breach, and in the absence of such allegation a case of *damnum absque injuria* is presented.

IX. "His Honor erred in overruling the demurrer to paragraph (j) of the third cause of action, because the allegation of this paragraph charges a violation of duty while as a member of the board, voting an extra allowance to the clerk of the said board, and in paying the same out of the county funds; whereas, no breach of duty is here charged against the supervisor as such.

X. "His Honor erred in overruling the demurrer to paragraph (k) of the third cause of action, because the allegation of this paragraph charges negligence in the case of machinery, tools, mules and other property of the county; in purchasing chain gang supplies; in swapping and trading the mules and property of the county; being extravagant in the purchase of lumber; buying material, etc., for the county that was unsuited and not needed; using the property of the county for personal use without consideration; and in disposing of lumber, old bridge material and other property without rendering an account therefor; whereas, the purchasing of such supplies is a matter for the board and not for the supervisor, and if extravagant, unsuited and not needed, the work was done by the board, as such, and not by the supervisor, as such, and for that reason no breach of duty on the part of the supervisor, as such, is charged.

XI. "His Honor erred in overruling the demurrer to paragraph (1) of the third cause of action, because the allegation of this paragraph charges a violation of duty in entering into contract for expenditure of public money, and voting for the same, in excess of the taxes levied for that year; whereas, no breach of duty under the law is here charged against the supervisor as such.

XII. "His Honor erred in overruling the demurrer to paragraph (m) of the third cause of action, because the allegation of this paragraph charges a violation of duty on the part of the supervisor in the payment of claims contracted for during one year out of the taxes collected for another year; whereas, no damages are alleged as flowing

from said alleged breach, and in the absence of such allegation a case of *damnum absque injuria* is presented, and because no breach of duty on the part of the supervisor is charged."

This appeal is, therefore, from the order of Judge Prince refusing to strike out certain portions of the complaint, and from the order of Judge Memminger overruling the demurrer to the complaint. The exceptions to these orders involve practically the same points of law, and are very numerous, and, therefore, for the purposes of this opinion, it is not deemed necessary to consider them in detail; it is sufficient to say, that the main contention of the appellants is that the itemized statement served was not a compliance with the order of Judge D. E. Hydrick, and if it *was* a compliance, still, the complaint, as it comes before this Court, stated no cause of action, for the reason that the acts complained of as breaches of the bond were done as a member of the board of county commissioners and not as supervisor; and, therefore, his bonds are not liable therefor, they having been given as supervisor and not as county commissioner; and for the further reason that there is no damages to the plaintiff alleged in the complaint, and, therefore, the doctrine of *damnum absque injuria* applies; and for the further reason that there is no allegation that the supervisor knew of the breaches and loss therefrom assigned in the complaint, thereby the supervisor and his bondsmen cannot be held liable.

Reading the complaint with the itemized statement served under Judge Hydrick's order, putting each class in its proper place, it is apparent that the statement is a substantial compliance with Judge Hydrick's order, in so far as it relates to the subdivisions not stricken out of the complaint by Judge Prince's order; and it may well be assumed that certain subdivisions were stricken out by Judge Prince because the itemized statement was

not a compliance with Judge Hydrick's order with respect to them.

Now, with respect to the question as to whether or not the defendant, Owens, acts as a member of the county board of commissioners are contemplated in his bonds as supervisor. When the supervisor was elected as supervisor, he was elected to perform all of the duties devolving upon him as supervisor, and one of these duties, under the law, was to act as a member of the county board of commissioners; his bond required him to "well and truly perform the duties of said office as required by law." The law required him to perform the duty of acting as a member of the board of county commissioners, and in his bonds he so bound himself.

It seems that this point is well settled, and against appellant's contention, in the case of *Fort* v. *Assmann*, 38 S. C., 253, 16 S. E., 887, where the sureties on Assmann's bond, as clerk of Court, sought to avoid liability for money received by Assmann under an order of Court directing him to sell land in a foreclosure proceeding, on the ground that when he received the money he was not acting as clerk of Court, and was not performing duties imposed upon him by law. This Court held that the sureties were liable on his bond as clerk of Court for the money received.

Liberal construction should be placed upon the language of a pleading, but this liberality need not be invoked in this complaint in order to find that it alleges damages to the plaintiff as a result of the failure of Owens to well and truly perform his duties as supervisor. It will be seen that in nearly all of the assignments of breaches of the bonds it is stated in language as follows: "Thereby causing a diversion and loss of the public funds of the county;" and in some assignments the following language is used: "To the loss and detriment of the county." It is also alleged in paragraph 6 of each of the three causes of action "that by reason of the *matters and things afore-*

*said* the plaintiff has suffered *loss* and *damage* to the amount
of five thousand dollars, etc." The *matters and things*
refer to the assignment of breaches of the bonds under the
various subdivisions of paragraph 5 in each of the three
causes of action. It must be remembered that in reading
the complaint as above indicated it is necessary to place
each class of the itemized statement in its proper place, for
example, that class designated as "warrants signed in blank,
1901-1902," must be made a part of subdivision "d" of para-
graph 5 of the second cause of action. When this is done
it will be seen that there is no room for complaint on the
part of the defendants, that the pleading should be made
more definite and certain, or that they have not been
informed as to what they are to meet, especially as these
matters are nearly all, if not all, on record in the supervisor-
county-board of commissioners' office, and are open to
everybody's inspection.

But it is further contended that knowledge of the defend-
ant, Owens, of the various breaches of the bonds, and loss
therefrom, must be alleged and proven. The bonds given
according to law, as alleged in the complaint, guar-
antee that Owens would "well and truly perform the
duties of said office as then or thereafter required
by law;" these words constitute the *gravamen* of the bonds
and, this being a suit for breaches of the bonds, they become
important. The principal and surety are bound by the
terms of their bonds. The conditions named in the bonds
are *not* that if Owens knowingly fails to "well and truly
perform the duties," etc., *then* he and his surety are
bound in the penal sum of five thousand dollars. The com-
plaint nowhere alleges that the various breaches of the
bonds and the consequent loss therefrom were wilful, or
that they were knowingly made and the loss therefrom was
known to Owens, but it is alleged that the defendant,
Owens, was "negligent and careless." This is sufficient.
If a bonded official is "negligent and careless," he cannot

be said to have complied with his bond to "well and truly perform the duties of his office, etc.;" and if he is shown to have been so negligent or so careless that loss resulted to the county, loss that could have been prevented by the exercise of care, his official bond would be liable. For example, if, as alleged in subdivision "d" of paragraph 5 in the first cause of action, the supervisor signed in blank warrants, or checks, and left them in the hands of his clerk to be filled in, and negligently and carelessly failed to inspect such warrants, or checks, can he be said to have "well and truly performed the duties of his office, etc.?" We think not; and if loss resulted to the county, as alleged, then the bonds are liable.

The complaint is necessarily long, but the scope of its allegations is that Owens was elected supervisor for three terms, and gave bond as required by law for each term; that he negligently and carelessly performed the duties of his office, and that by reason of such negligence and carelessness the county suffered loss to the amount claimed in the complaint. This constitutes a cause of action against the supervisor and his surety, and is not demurrable.

It is the judgment of this Court that all of the exceptions in the appeals from the orders and rulings of Judge Prince and Judge Memminger be dismissed and that the judgments of the Circuit Court be affirmed.